IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VAS-CATH, INCORPORATED,<br>A Canadian Company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 05-0400-CV-W-GAF<br>) |
| CURATORS OF THE UNIVERSITY<br>OF MISSOURI, et al., | )<br>)<br>) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Defendant Curators of the University of Missouri's ("Defendant") Motion to Dismiss for Failure to State a Claim filed pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). (Doc. #37). Defendant argues Plaintiff Vas-Cath Inc. ("Plaintiff") cannot obtain the prospective injunctive and declaratory relief it seeks in its First Amended Complaint (Doc. #13) filed pursuant to 35 U.S.C. § 146. (Doc. ##37, 43). In response, Plaintiff has stood on its First Amended Complaint and states it "should be provided an opportunity to vindicate its federal rights and to hold the University and its state officials accountable to the 'supreme authority of the United States.'" (Doc. #40, p.29). For the reasons set forth below, Defendant's Rule 12(b)(6) Motion is GRANTED with respect to all parties.

**DISCUSSION**

**I.      Facts**

This action arises from a decision of the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences ("BPAI") in Interference No. 103,988, entitled Martin, et. al. v.

1

Twardowski, et al. ("the Interference"). (Doc. #13). The BPAI rendered judgment for Defendant on July 30, 2003. Id. Following the BPAI's decision, Plaintiff had the opportunity to seek review under 35 U.S.C. § 141 ("§ 141"), which provides for a direct appeal to the United States Court of Appeals for the Federal Circuit, or under 35 U.S.C. § 146 ("§ 146"), which allows a party dissatisfied with the BPAI's decision to file suit in a United States district court. *See* Wu v. Wang, 129 F.3d 1237, 1242 (Fed. Cir. 1997). Plaintiff chose to proceed under § 146. (Doc. #13).

Plaintiff filed its original Complaint under § 146 in the United States District Court for the District of Columbia ("D.C. district court") on September 22, 2003. (Doc. #1). In its Complaint, Plaintiff sought review and reversal of the BPAI's findings and an award of costs. (Doc. #1, ¶¶A.-H.). Plaintiff amended its Complaint on December 5, 2003, naming as additional defendants the individual members ("board members") of the Board of Curators of the University of Missouri ("the Board"), as well as a former student representative to the Board. (Doc. #13). In addition, Plaintiff changed the relief requested to consist of "a declaration of rights as to the subject matter of the '988 Interference, and, specifically, a declaratory judgment reversing those portions of the [BPAI]'s Final Decision that are adverse to [Plaintiff]...." Id. at ¶31. Plaintiff also added a second claim seeking "preliminary and permanent injunctive relief enjoining [Defendant] from, in the future, interfering with any of [Plaintiff]'s rights in the Martin '592 patent...." Id. at ¶34.

On January 29, 2004, Defendant filed two Motions to Dismiss, one claiming immunity under the Eleventh Amendment to the United States Constitution and the other claiming lack of personal jurisdiction and failure to state a claim. (Doc. ##36, 37). The D.C. district court found it lacked

2

personal jurisdiction over Defendant[1] and transferred the action to this Court on April 18, 2005 without ruling on the Eleventh Amendment issue or whether the Amended Complaint failed to state a claim. (Doc. #48).

On August 11, 2005, Defendant filed a motion requesting the Court consider the remaining issues in its Motion to Dismiss on Eleventh Amendment grounds, lack of personal jurisdiction as to the board members, and failure to state a claim. (Doc. #65). On October 25, 2005, this Court granted Defendants' Motion to Dismiss on Eleventh Amendment grounds without considering remaining issues as to personal jurisdiction or failure to state a claim. (Doc. #71). The Unites States Court of Appeals for the Federal Circuit reversed this Court's decision on January 29, 2007. (Doc. #75).

On October 16, 2007, the Court directed Plaintiff to file a Status Report. (Ex. #77). In its Status Report, Plaintiff proposed a scheduling order for trial, made suggestions with respect to the scope of potential discovery, and requested a jury trial. (Doc. #78). Defendant responded by again asking this Court to consider remaining issues in the fully-briefed Motions relating to personal jurisdiction and failure to state a claim. (Doc. #79). Defendant also suggested a jury trial was unavailable in a § 146 action, that Plaintiff's proposed discovery exceeded the scope of that allowed in an action for review under § 146, and that Plaintiff had indicated it no longer considered the board members part of its case against Defendant. Id. The Court allowed Plaintiff until November 19, 2007 to file a reply to Defendant's response. Id. Plaintiff filed no reply. (*See* Docket Sheet).

On or about November 9, 2007, the Court wrote a letter to Plaintiff and Defendant requesting

---

[1]The court made no finding as to whether it had personal jurisdiction over the board members. (Doc. #48).

3

that Plaintiff respond to Defendant's statement regarding whether Plaintiff continued to assert its claims against the board members. (Att. #1 to this Order). The Court's letter also informed the parties the Court would consider the remaining issue regarding failure to state a claim without further briefing. Id. Plaintiff's response indicated it no longer considered the board members part of its suit. (Att. #2 to this Order). Accordingly, the only issue remaining with regard to Defendants' prior Motions to Dismiss relates to failure to state a claim.

**II.     Standard**

Under Rule 12(b)(6), a court can dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a 12(b)(6) motion to dismiss, a court treats all well-pled facts as true and grants the non-moving party all reasonable inferences from the facts. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). A 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1960 (2007) ("retiring" the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 406 (8th Cir. 1999). *See also* Sanderson v. Comm'n of Internal Revenue, No. 06-2947, 2007 WL 2324048, at *1 (8th Cir. Aug. 15, 2007). However, a court is not required to accept the pleader's legal conclusions. Westcott, 901 F.2d at 1488.

**III.    Analysis**

Under 5 U.S.C. § 703, part of the Administrative Procedures Act, the proper form of judicial review of an administrative decision "is the special statutory review proceeding relevant to the subject matter in a court specified by statute...." "If [] there exists a special statutory review

4

procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies" City of Rochester v. Bond, 603 F.2d 927, 931 (D.C. Cir. 1979).  If no statute establishing review procedures exists or if the statutory avenue for review is inadequate, an aggrieved party can pursue other forms of relief, "including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction." Id.  A party seeking relief beyond the review an applicable statute provides has the burden to show the statutory means are inadequate.  Great Plains Coop v. Commodity Futures Trading Comm'n, 205 F.3d 353, 355 (8th Cir. 2000); Compensation Dep't of Dist. Five, United Mine Workers of Am. v. Marshall, et al., 667 F.2d 336, 343 (3d Cir. 1981).

Sections 141 and 146 establish avenues for review of BPAI decisions. Wu, 129 F.3d at 1242. Because Plaintiff seeks a remedy outside the scope of that provided for in §§ 141 or 146 in requesting declaratory and injunctive relief, it bears the burden of showing these established appellate procedures are inadequate.  *See*  Great Plains, 205 F.3d at 355.

   *1.    Claim I: Injunctive Relief*

The Eighth Circuit considers the following factors in determining the availability of preliminary injunctive relief:  (1) whether the movant will suffer irreparable harm if the order is not issued; (2) whether the harm to the movant outweighs possible injury to the adverse party; (3) whether the movant is likely to succeed on the merits of his claim; and (4) whether the public interest weighs in favor of issuing the order. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).  Similarly for permanent injunctive relief,

> a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would

not be disserved by a permanent injunction.[2]

eBay Inc. v. MercExchange, L.L.C., --- U.S. ----, 126 S.Ct. 1837, 1839 (2006).

> Plaintiff states
>
> [i]n the absence of declaratory or prospective injunctive relief, Vas-Cath's rights in the Martin '592 patent would be forever lost, and its rights to exclude others from making, selling, using, or practicing the inventions disclosed therein–rights derived from the Patent Clause of the U.S. Constitution–would be eviscerated. Consequently, Vas-Cath would be irreparably injured, and has no adequate remedy at law.

(Doc. #13, ¶13). Beyond this assertion, Plaintiff presents no evidence the procedures for review authorized in §§ 141 and 146 are inadequate.

Though Plaintiff is correct in asserting the United States Constitution safeguards patent rights, such protection necessarily extends only to claims the administrative boards and judicial courts with jurisdiction find to have merit. *See* Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177 (1803). Plaintiff cannot now re-litigate its claims by seeking injunctive relief, rather it is bound, absent meeting its burden to show the extraordinary circumstances set forth above, to accept this Court's affirmance or reversal of the BPAI's decisions based primarily on the issues litigated before that body. In sum, Plaintiff has the right to appeal the BPAI's decision under §§ 141 or 146 but not the right to seek extraordinary injunctive relief based solely on the ground that it disagrees with the BPAI's resolution of its dispute. As such, it would be inappropriate for this Court to grant relief under Plaintiff's request for injunctive relief.

---

[2]The principles stated in Ex Parte Young, 209 U.S. 123 (1908), also allow suit against state officials "in their official capacities for prospective injunctive relief without violating the Eleventh Amendment." Monroe v. Arkansas State Univ., 495 F.3d 591, 594 (8th Cir. 2007) (citation omitted). Because the board members are no longer party to this suit, the Court will only consider the standards for injunctive relief as applicable in other circumstances.

*2.     Claim II: Declaratory Relief*

The United States Court of Appeals for the Federal Circuit has characterized "an action under § 146[3] [as] essentially a proceeding to review the action of the [BPAI]." Conservolite, Inc. v. Widmayer, 21 F.3d 1098, 1102 (Fed. Cir. 1994) (citation omitted). Though § 146 authorizes a district court to hear testimony not presented before the BPAI, as a general matter, that testimony can only relate to issues already litigated in the administrative proceedings. Id. "A proceeding under § 146 is not a chance for a party to reconstruct its case, based on a new litigation strategy....." Id.

On the other hand, the Declaratory Judgment Act was intended to enable a party who anticipates an adversary's institution of legal proceedings satisfying jurisdictional requirements to neutralize its apprehension by initiating resolution of the anticipated claim in a district court of the United States.[4]  *See* Rolls-Royce, 364 F.2d at 419-20 *and* BP Chem. Ltd. v. Union Carbide Corp.,

---

[3]According to the statute's precise language,

> Any party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Director appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Appeals for the Federal Circuit, and such appeal is pending or has been decided.

35 U.S.C. § 146.

[4]Section 2201(a) provides "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "The statute is a procedural one and does not supply an independent ground of jurisdiction where none otherwise exists." Rolls-Royce Ltd., Derby, England v. United States, 364 F.2d 415, 419-20 (Ct. Cl. 1966) *citing* Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937).

4 F.3d 975, 977 (Fed. Cir. 1993) (Section 2201 of Title 28 of the United States Code allows institution of a declaratory judgment action "'to accommodate[] the practical situation wherein the interest of one side to the dispute may be served by delay in taking legal action' by permitting the other side to initiate legal action.").

In the patent context, in order for an Article III case or controversy to exist in a declaratory judgment action, (1) a patentee must take action or concretely threaten the declaratory judgment plaintiff so that the plaintiff has a reasonable apprehension of suit, and (2) the declaratory judgment plaintiff must be presently and purposefully preparing for, or engaging in, activity that could constitute infringement. Jervis B. Webb Co. v. S. Sys., Inc., 742 F.2d 1388, 1398-99 (Fed. Cir. 1984) (citation omitted). A district court's dismissal of a declaratory-judgment action is given "unique and substantial discretion." County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) (*citing* Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)); Serco Serv. Co., v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995) (citation omitted).

Here, the circumstances which the Declaratory Judgment Act was intended to abate are absent. Plaintiff has no reason to anticipate Defendant will in the future bring suit against Plaintiff on its claims, first, because Defendant was successful in presenting its position before the BPAI and second, because even if Defendant had lost in those proceedings, it would be precluded from relitigating those claims under principles of res judicata. *See* Coakwell v. United States, 292 F.2d 918, 920 (Ct. Cl. 1961). Further, Plaintiff presents no evidence Defendant is preparing for or engaging in activity that could constitute infringement. To the contrary, Defendant has the right, indeed a duty, to abide by the rulings of the BPAI until such time a district court finds those rulings should be reversed after proper origination of an action under § 146.

8

Plaintiff contends it "should be provided an opportunity to vindicate its federal rights and to hold the University and its state officials accountable to the 'supreme authority of the United States.'" (Doc. #40, p.29). In fact, Plaintiff had multiple opportunities to amend its Complaint to seek simple review and reversal of the BPAI's rulings without requesting declaratory or injunctive relief. (Doc. #1). Apparently due to a change in litigation strategy because of a perceived jurisdictional defect,[5] Plaintiff amended its Complaint on December 5, 2003, claiming "in the absence of declaratory or prospective injunctive relief," Plaintiff's rights in the "'592 patent would be forever lost ... and eviscerated...." (Doc. #13, ¶34). However, Plaintiff cites no case where a district court thought itself authorized to grant such relief in a § 146 action. Neither has the Court been able to identify such a circumstance.

## CONCLUSION

Plaintiff characterizes Defendant's 12(b)(6) Motion as a groundless attempt to escape Plaintiff's action. (Doc. #40, p.27). Yet, motions to dismiss are appropriately used to test the legal sufficiency of a complaint. Schuer v. Rhodes, 416 U.S. 232, 236 (1974). Further, motions to dismiss under Rule 12(b)(6) provide notice to a plaintiff that his complaint fails to state claim and gives the plaintiff an opportunity to amend the complaint. Carney v. Houston, 33 F.3d 893, 895 (8th

---

[5]Plaintiff's brief in Opposition to Defendants' Motion to Dismiss the First Amended Complaint Based on The Eleventh Amendment suggests Plaintiff amended its Complaint in an effort to employ the Ex Parte Young exception to Eleventh Amendment immunity, thereby allowing declaratory and prospective injunctive relief against the individually-named state officials. (Doc. #39, pp.19-20). Though (1) Plaintiff no longer asserts its claim against the individually-named state officials, (2) the Federal Circuit held Defendant waived its Eleventh Amendment immunity and that the Ex Parte Young exception was inapplicable, Vas-Cath, Inc. v. Curators of Univ. of Missouri, 473 F.3d 1376, 1378, 1384-85 (Fed. Cir. 2007), and (3) Defendant has repeatedly requested that this Court resolve the remaining 12(b)(6) Motion to Dismiss, Plaintiff has failed to amend its Complaint.

9

Cir. 1994) *citing* Neitzke v. Williams, 490 U.S. 319, 329-30 (1989).  The procedure avoids the risk that a plaintiff will suffer "final judgment on the basis of a technical pleading defect." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007).

Here, Defendant has repeatedly requested this Court's ruling on its 12(b)(6) motion.  Plaintiff stood on its First Amended Complaint despite notice of potential defect.  Finding it inappropriate to award the relief requested in Plaintiff's First Amended Complaint, the Court GRANTS Defendant's Motion to Dismiss for Failure to State a Claim in Counts I and II as to all parties.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
GARY A. FENNER, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED:   **December 6, 2007**

10

Case 2:05-cv-00400-GAF   Document 80   Filed 12/06/07   Page 10 of 10